# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND; and HOWARD McDOUGALL, trustee, ) ) ) ) ) | |
| Plaintiffs, ) | Case No. 10 C 1081 |
| ) | |
| v. ) | Judge Blanche M. Manning |
| ) ) ) | Magistrate Judge Geraldine Soat Brown |
| JEFFREY S. MILLER, an individual, ) ) | |
| Defendant. ) | |

## PLAINTIFFS' MOTION FOR PROVE UP OF DAMAGES

Central States Southeast and Southwest Areas Health Fund ("Health Fund") and Howard McDougall, trustee (collectively "Plaintiffs"), pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, hereby move this court for prove up of damages and entry of judgment against Defendant Jeffrey S. Miller, an individual ("Mr. Miller"). In support of this motion, the Plaintiffs state as follows:

1. On February 17, 2010, Plaintiffs filed a complaint against Defendant Jeffrey Miller for breach of fiduciary duty and collection of resulting plan losses pursuant to Section 409(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1109(a).

2. Mr. Miller was personally served with the complaint on February 23, 2010. (See Summons Returned Executed, filed March 2, 2010, and attached hereto as Exhibit A).

3. On March 18, 2010, this Court entered an Order holding Defendant in default pursuant to Fed. R. Civ. P. 55(a) and scheduled a prove-up hearing for April 15, 2010 in order to enter a judgment against Defendant in an amount certain. (Order attached at Exhibit B).

4. Mr. Miller, via letter to Plaintiffs' counsel and by carbon copy to the Clerk of Courts for the U.S. District Court for the Northern District of Illinois, requested a two-week extension to answer the complaint.

5. Upon receipt of the letter, on March 19, 2010, Plaintiffs' counsel called Mr. Miller and informed him that he had been held in default and sent him a copy of this Court's March 18, 2010 Order via electronic mail.

6. Mr. Miller has taken no further action in this case.

7. Pursuant to the request of Plaintiffs' counsel, this Court rescheduled the prove-up hearing for June 15, 2010, so that Plaintiffs could have additional time to serve written discovery and determine the amounts owed to the Health Fund by Mr. Miller.

8. Plaintiffs now file this Motion in order to prove up damages and request that this Court enter judgment in an amount certain.

9. This Court has subject matter jurisdiction of this action pursuant to ERISA Section 502(e)(1), 29 U.S.C. §1132(e)(1) and venue of this action properly lies in this District pursuant to ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2). (Affidavit of Juan J. Beaton¶¶4-5 ("Beaton Affidavit") attached hereto as Exhibit C and incorporated herein by reference.)

10. The Health Fund receives contributions from numerous employers pursuant

to collective bargaining agreements by and between employers and various local unions affiliated with the International Brotherhood of Teamsters ("IBT"). (Beaton Affidavit ¶6.)

11. All principal and income from such contributions and investments thereof are held and used for the exclusive purpose of providing health benefits to participants and beneficiaries of the Health Fund and paying the administrative expenses that arise therefrom. (Beaton Affidavit ¶7.)

12. R.W. Miller & Sons, Inc. ("R.W. Miller") is a Wisconsin corporation that, for all relevant times, was bound by a collective bargaining agreement entered into with Local Union No. 43 of the IBT under which it was required to pay employer contributions to the Health Fund on behalf of certain employees. (Beaton Affidavit ¶8.)

13. Prior to Plaintiffs' filing of this suit, Plaintiffs pursued a collection action against R.W. Miller for unpaid contributions owed to the Pension and Health Funds in the case captioned *Central States, Se. & Sw. Areas Pension Fund et al. v. R.W. Miller & Sons, Inc.*, 09-cv-4441 (N.D. Ill.). On September 16, 2009, Plaintiffs obtained a judgment in the amount of $118,697.95 for outstanding contributions for the period December 28, 2008, through July 2009, accrued interest, liquidated damages, and attorneys fees and costs.

14. On August 18, 2009, R.W. Miller sought receivership protection in the Wisconsin Circuit Court, Walworth County (Case No. 09-cv-1186), thereby enjoining Plaintiffs from pursuing collection of their judgment or any contributions accrued after July 2009. Therefore, Plaintiffs' judgment remains entirely unsatisfied and contributions to the Health Fund for the period December 28, 2008 through August 15, 2009 remain unpaid.

15. Pursuant to the collective bargaining agreement, R.W. Miller was obligated to make a weekly deduction in the amount of $29.56 from each employees' paycheck for the purpose of funding, in part, R.W. Miller's contributions to the Health Fund on behalf of each employee. (Beaton Affidavit ¶9.)

16. R.W. Miller also agreed to be bound by the Health Fund Trust Agreement, which requires R.W. Miller to "make continuing and prompt payments to the [Health Fund] as required by the applicable collective bargaining agreement." (Beaton Affidavit ¶10.)

17. The Health Fund relies upon participating employers to self-report the work history of eligible employees in order to prepare a monthly bill and determine benefit eligibility. (Beaton Affidavit ¶11.)

18. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks and/or days worked by the eligible employees. Under this self-reporting system, participating employers initially establish a base group of employees for whom contributions are due. Thereafter, the employer is required to notify the Health Fund on a monthly basis of any changes in the employment status of individuals covered by the collective bargaining agreement (e.g., layoffs, new hires, terminations, etc.). The Health Fund relies upon these reports submitted by employers to prepare a monthly contributions bill that is sent to the employers. Contributions for each calendar month are due 15 days after the end of the month. (Beaton Affidavit ¶12.)

19. R.W. Miller reported the work history of its employees to the Health Fund for the period of December 28, 2008, through July 25, 2009. (Beaton Affidavit ¶13.)

20. R.W. Miller failed to report the work history of its employees to the Health Fund for the period July 26, 2009, through August 15, 2009. (Beaton Affidavit ¶14.)

21. However, no changes in the composition of the covered work force have been reported by R.W. Miller for the period July 26, 2009, through August 15, 2009, so the Health Fund has billed R.W. Miller for contributions on the covered employees for these months. (Beaton Affidavit ¶15.)

22. R.W. Miller failed to pay contributions to the Health Fund on behalf of its employees based on the work history reported to the Health Fund for the period December 28, 2008, through August 15, 2009. (Beaton Affidavit ¶16.)

23. R.W. Miller continued to deduct the agreed-upon $29.56 each week from its employees' paychecks for the period December 28, 2008 through August 15, 2009. (Beaton Affidavit ¶17; Plaintiffs' Requests For Admission, attached as Exhibit D.)

24. Defendant Jeffrey S. Miller, the President of R.W. Miller, had control over payments made to the Health Fund by R.W. Miller. Jeffrey S. Miller failed to forward the $29.56 weekly deduction from R.W. Miller's employees to the Health Fund. (Beaton Affidavit ¶¶18-19.)

25. Pursuant to ERISA Section 3(21)(A)(i) and (iii), 29 U.S.C. §1002(21)(A)(i) and (iii), Jeffrey Miller is a "fiduciary" with respect to the Health Fund because he had control over assets of the Health Fund. *United States v. Whiting*, 471 F.3d 792, 799 (7th Cir. 2006); *LoPresti v. Terwilliger*, 126 F.3d 34, 40 (2d Cir. 1997).

26. In order to determine the total amount of damages owed to the Plaintiffs by Mr. Miller, Plaintiffs served Mr. Miller with a Request For Interrogatories, a Request for

Production of Documents, and Requests for Admission (collectively "Discovery Requests"). The Discovery Requests were served on March 24, 2010, via UPS Overnight Mail.

27. The aim of the Discovery Requests was to develop an accurate accounting of the total amount of wages that were improperly deducted from employees' paychecks for benefit contributions to the Health Fund.

28. Over 30 days have passed since Mr. Miller was served with the Discovery Requests.

29. Plaintiffs' counsel's attempts to secure responses to the Discovery Requests have been unsuccessful due to no fault of counsel's. Voicemail messages left for Mr. Miller at his personal residence on April 1, 2010, and April 27, 2010, have not been returned.

30. Pursuant to Rule 36 of the Federal Rules of Civil Procedure, if a party fails to respond to requests for admission within 30 days of service, each fact is deemed admitted. Fed. R. Civ. P. 36(a)(3); *see also United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987).

31. The Requests for Admission provided a list of 17 R.W. Miller employees and a breakdown detailing the weeks each employee performed work covered by the collective bargaining agreement during the period December 28, 2008, through August 15, 2009, and corresponding $29.56 weekly deduction made from their paycheck. The Requests for Admission asked Mr. Miller to admit that the breakdown accurately listed the employees, weeks worked, and payroll deductions made. (See Plaintiffs' Requests For Admission, attached as Exhibit D.)

32. The total amount of deductions made from R.W. Miller's employees was $7,715.16. (Beaton Affidavit ¶20.)

33. Pursuant to ERISA Section 409(a), 29 U.S.C. §1109(a), the Health Fund is entitled to recoup plan losses resulting from a breach of fiduciary duty. *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 140, 105 S. Ct. 3085, 3089 (1985); *see also Leister v. Dovetail, Inc.*, 546 F.3d 875, 881-3 (7th Cir. 2008).

34. Plan losses include not only the payroll deductions that were not forwarded to the Health Fund, but also interest which has accrued on those amounts as well.

35. Pursuant to the terms of the Health Fund's Trust Agreement, prior to February 15 2010, interest accrued on outstanding contributions at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged and shall be compounded annually. Subsequent to February 14, 2010, interest accrues on outstanding contributions at an annualized interest rate equal to the greater of 7.5% or two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged and shall be compounded annually. (Beaton Affidavit ¶23.)

36. Through May 31, 2010 Jeffrey Miller owes the Health Fund the total amount of $430.70 in interest on the unpaid employer contributions. (Beaton Affidavit ¶24.)

37. Pursuant to the provisions of the Health Fund's Trust Agreement and ERISA Section 502(g)(1), 29 U.S.C. §1132(g)(1), Jeffrey Miller should pay all attorneys' fees and costs incurred in connection with this case.

38. Under ERISA Section 502(g)(1), "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." "There is a 'modest presumption' in favor of awarding fees to the prevailing party, but that presumption may be rebutted." *Senese v. Chicago Area I. B. of Teamsters Pension Fund*, 237 F.3d 819, 826 (7th Cir. 2001), *quoting Harris Trust & Sav. Bank v. Provident Life & Accident Ins. Co.*, 57 F.3d 608, 618 (7th Cir. 1995).

39. Because the presumption in favor of awarding fees to the prevailing party (the Health Fund) has not been rebutted, the court should award attorney fees and costs to the Health Fund. The attorneys' fees total $1,900.50 and costs total $390.50. (See Affidavit of Laura B. Bacon attached hereto as Exhibit E and incorporated herein by reference).

40. Under the Health Fund's Plan, interest on a judgment entered against an employer is computed and charged at an annualized interest rate equal to the greater of 7.5% or two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the months for which the interest is charged. (Beaton Affidavit ¶25.)

**WHEREFORE**, Plaintiffs Central States Southeast and Southwest Areas Health Fund and Howard McDougall, trustee, pray for entry of judgment as follows:

(A) For entry of judgment in the total amount of $10,436.86 in favor of Plaintiffs and against Jeffrey S. Miller, an individual. This total amount is comprised of the following: improper employee payroll deductions in the amount of $7,715.16; together with interest in the amount of $430.70; attorneys' fees in the amount of $1,900.50; and costs in the amount of $390.50;

(B) That this Court award Plaintiffs Central States, Southeast and Southwest Areas Health Fund and Howard McDougall, trustee, post-judgment interest computed at an annualized interest rate equal to the greater of 7.5% or two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(C) For such other relief deemed just and proper.

Respectfully submitted,

/s/Laura B. Bacon
Laura B. Bacon
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Health Fund
9377 W. Higgins Rd.
Rosemont, Illinois 60018-4938
(847)518-9800, ext. 3704
ARDC#6288982
lbacon@centralstatesfunds.org

## CERTIFICATE OF SERVICE

I, Laura B. Bacon, one of the attorneys for the Central States, Southeast and Southwest Areas Health Fund, certify that on June 10, 2010, I caused the foregoing Plaintiffs' Motion For Prove Up of Damages to be filed electronically. This filing was served on all parties indicated on the electronic filing receipt via the Court's electronic filing system. For all other parties, who are listed below, I served the foregoing by mailing said documents to:

> Jeffrey Miller
> 1740 Miller Road
> Lake Geneva, WI 53147

Said document was deposited via Overnight Mail, care of the United Parcel Service, at 9377 West Higgins Road, Rosemont, Illinois, 60018-4938, this 10th day of June, 2010.

/s/ Laura B. Bacon
Laura B. Bacon
One of Central States' Attorneys